UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN MARGOSIAN,

    Petitioner,

v.

THOMAS MACKIE,

    Respondent.

Case No. 16-cv-13056

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## ORDER GRANTING MOTION FOR A SECOND STAY OF COURT [#4] AND GRANTING MOTION FOR IMMEDIATE CONSIDERATION [#5]

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Christian Margosian ("Petitioner") was convicted in the Macomb Circuit Court of multiple felony offenses, the most serious of which was indecent exposure by a sexually delinquent person. MICH. COMP. LAWS § 750.335(a)(2); Dkt. No. 1, pg. 2 (Pg. ID 2). Petitioner received a string of concurrent sentences, the longest of which is 15 to 30 years for the indecent exposure offense. *See id.*

Petitioner's habeas application raises seven claims: (1) Petitioner's convictions are based on insufficient evidence; (2) Petitioner's defense was prejudiced by an intentional pre-indictment delay; (3) Petitioner was denied the effective assistance of counsel; (4) the charge of being a sexually delinquent person

1

was overbroad in relation to Petitioner's conduct; (5) the charges were improperly joined for trial; (6) the trial court erroneously admitted prior bad acts AS evidence; and (7) Petitioner was improperly sentenced as a sexually delinquent person. *Id.* at pgs. 12–33 (Pg. ID 12–33).

Petitioner presented his fifth through seventh habeas claims to the state courts on direct appeal. That proceeding ended on December 30, 2014, when the Michigan Supreme Court denied Petitioner's motion for reconsideration following its denial of leave to appeal. *See* Dkt. No. 3, pg. 2 (Pg. ID 53).

On August 22, 2016, Petitioner filed a motion to stay proceedings along with his habeas petition so that he could present what now form his first through fourth habeas claims to the state courts before proceeding on federal habeas review. Dkt. No. 2. On August 25, 2016, this Court granted the motion and gave Petitioner 60 days to file for state post-conviction review. *See* Dkt. No. 3. This Court also gave Petitioner 60 days following completion of review to file a motion to reopen his habeas case. *Id.*

Presently before the Court is Petitioner's Motion for a Second Stay (Dkt. No. 4) and his Motion for Immediate Consideration (Dkt. No. 5). Petitioner seeks a second stay so that he can present newly discovered evidence to the state courts in a second post-conviction review proceeding. Dkt. No. 4, pg 4 (Pg. ID 61). Petitioner's Motion claims that during the pendency of his state post-conviction review

2

proceeding, he discovered new evidence in the form of cell phone records that he claims prove that a key prosecution witness–a police detective–lied at his trial. *Id.* at pg. 3–4 (Pg. ID 60–61).

For the reasons stated in this Court's prior order staying this case, the Court will grant Petitioner's Motion for a Second Stay. As before, this second stay is conditioned upon Petitioner diligently pursuing relief in the state courts by pursuing a properly filed second motion for relief from judgment in the trial court within sixty (60) days of this order. Further, Petitioner must timely appeal any denial of that motion through the state appellate courts. If Petitioner's state appeal is unsuccessful, he must return to federal court within sixty (60) days of completing his state post-conviction review proceeding by filing a motion to reopen this case along with an amended petition. See *Hargrove v. Brigano*, 300 F.3d 717, 718 (6th Cir. 2002).

Accordingly, it is **ORDERED** that Petitioner's Motion for a Second Stay [Dkt. No. 4] and Motion for Immediate Consideration [Dkt. No. 5] are **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's second state post-conviction review proceeding. This tolling is conditioned upon Petitioner filing his second motion for relief from judgment within sixty (60) days of this order. Petitioner must also file a motion to reopen his case and an amended petition—using the case number already assigned to this case—within sixty (60) days after the conclusion of the state post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

Dated: June 4, 2018

                                                  s/Gershwin A. Drain
                                                Hon. Gershwin A. Drain
                                                United States District Court Judge